# Court of Appeals
# of the State of Georgia

ATLANTA, February 21, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0967. TERRANCE ADKINS v. PATRICIA ADKINS.**

Terrance Adkins ("Husband") filed a complaint for divorce in January 2022. Patricia Adkins ("Wife") filed a motion to dismiss the complaint for lack of personal jurisdiction and improper venue. The trial court granted Wife's motion to dismiss on July 14, 2022. Husband then filed both a motion for reconsideration and a notice of appeal. Thereafter, on November 4, 2022, the trial court dismissed Husband's motion for reconsideration for lack of jurisdiction because the filing of the notice of appeal deprived it of jurisdiction. In the alternative, the trial court denied the motion for reconsideration. Husband filed a timely notice of appeal seeking to appeal the November 4 order. We, however, lack jurisdiction.

The denial of a motion for reconsideration of a final judgment is not an appealable ruling. See *Cornelius v. Morris Brown College*, 299 Ga. App. 83, 85 (1) n.1 (681 SE2d 730) (2009). Consequently, Husband may not appeal from the November 4 order.

Moreover, "[a]ppeals from judgments or orders in divorce, alimony, and other domestic relations cases" must be initiated by filing an application for discretionary appeal. OCGA § 5-6-35 (a) (2), (b). "[C]ompliance with the discretionary appeals procedure is jurisdictional." *Fabe v. Floyd*, 199 Ga. App. 322, 332 (1) (405 SE2d 265) (1991). Pursuant to OCGA § 5-6-35 (d), applications for discretionary appeal must be filed in an appellate court. Here, Husband filed his notices of appeal in the trial court. Although he captioned one notice "Notice of Appeal or in the Alternative Application for Direct Appeal" and the other "Notice of Application for Discretionary Appeal," these pleading are properly construed as notices of appeal. See OCGA § 5-

6-37 (notice of appeal filed with trial court); *Born v. Born*, 364 Ga. App. 511, 517 (1) (874 SE2d 846) (2022) ("pleadings, motions, and orders are construed according to their substance and function and not merely by nomenclature") (punctuation omitted). Because Husband failed to file an appropriate application for discretionary appeal, we lack jurisdiction.

For these reasons, we lack jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   02/21/2023*

        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*